# UNITED STATES DISTRICT COURT

# DISTRICT OF NEW MEXICO

STATE FARM INSURANCE
COMPANY, an Illinois corporation,

     Plaintiff,

v.

                         No. 11-CV-1122-BRB/SMV

VIRGINIA JIMENEZ, individually
and as personal representative for the
estate of Hilario M. Jimenez III,

     Defendant.

### ORDER GRANTING DEFENDANT'S
### MOTION TO DISMISS PLAINTIFF'S COMPLAINT
### WITHOUT PREJUDICE

Defendant Virginia Jimenez's son, Hilario Jimenez, was shot and killed in Alamogordo, New Mexico, on April 18, 2010. Decedent was driving a Chevrolet Impala when the shooting occurred. The uninsured gunman, Michael Chavez, was driving a Honda sedan. Jimenez, for herself and on behalf of her deceased son's estate, demanded payment of "stacked" uninsured motorist benefits in excess of $75,000 from Plaintiff State Farm Insurance. State Farm, an Illinois resident, responded by filing a Complaint for Declaratory Judgment against Jimenez in this Court on the basis of diversity jurisdiction. See 28 U.S.C. §§ 2201, 1332. In its complaint, State Farm seeks a declaration "that uninsured motorist coverage under the policies is not triggered by the shooting . . . and that [Jimenez] cannot recover

under the policies for her claims."  One month later, Jimenez filed a complaint in New Mexico state court.  In her complaint, Jimenez seeks a declaration that her son's shooting "triggered coverage for the policies issued by State Farm and that Jimenez may recover from those policies for the injuries Hilario sustained."  Jimenez's complaint further alleges claims for payment against State Farm and for damages against those individuals, all New Mexico residents, purportedly responsible for the shooting.  Now before the Court is Jimenez's motion to dismiss State Farm's Complaint for Declaratory Judgment.  According to Jimenez, "this Court should decline to exercise jurisdiction or, in the alternative, stay the current proceeding until the pending action filed in . . . New Mexico [state court] is resolved for this purely state law action."

## I.

Jimenez is undoubtedly correct that State Farm has no absolute right to a declaratory adjudication of the coverage question in this Court.  The Supreme Court has "repeatedly characterized the Declaratory Judgment Act [DJA] as 'an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant.'"[1] Wilton v. Seven Falls Co., 515 U.S. 277, 287 (1995) (quoting Public Serv. Comm'n v. Wycoff Co., 344 U.S. 237, 241 (1952)); accord Kunkel v. Continental Cas. Co., 866 F.2d 1269, 1273 (10th Cir. 1989).  This is because "[i]n

---

[1]  The Declaratory Judgment Act provides that a court "*may* declare the rights and other legal relations of any interested party seeking such declaration."  28 U.S.C. § 2201 (emphasis added).

2

the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration."  <u>Wilton</u>, 515 U.S. at 288.  "If a district court, in the sound exercise of its judgment, determines after a complaint is filed that a declaratory judgment will serve no useful purpose, it cannot be incumbent upon that court to proceed to the merits before staying or dismissing the action."  <u>Id.</u>

Twice the Supreme Court has addressed the propriety of federal declaratory relief under the DJA where, like here, an insurer, anticipating a state court suit, seeks a declaration in federal court of non-liability on an insurance policy.  In <u>Brillhart v. Excess Ins. Co.</u>, 316 U.S. 491 (1942), the Court asked "whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court."  <u>Id.</u> at 495.  The Court explained that the answer more often than not would turn on –

> the scope of the pending state court proceeding and the nature of defenses open there.  The federal court may have to consider whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amendable to process in that proceeding, etc.

<u>Id.</u>  Importantly for present purposes, the Court opined:

> Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties.  Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.

Id.  In view of these principles, the Court in Brillhart remanded for an assessment of movant's claim "that since another proceeding was pending in state court in which all matters in controversy between the parties could be fully adjudicated, a declaratory judgment in the federal court was unwarranted."  Id.

Half a century later, the Supreme Court in Wilton reaffirmed "the Brillhart regime, under which district courts have substantial latitude in deciding whether to stay or dismiss a declaratory judgment suit in light of pending state proceedings." Wilton, 515 U.S. at 286.  In Wilton, the district court "observed that the state lawsuit pending . . . encompassed the same coverage issues raised in the declaratory judgment action and determined that a stay was warranted in order to avoid piecemeal litigation and to bar [the insurer's] attempts at forum shopping."  Id. at 280.  The Supreme Court explained that "Brillhart, without more, clearly supports the district court's decision in this case" to stay the federal action.  Id. at 283.  The Court recognized "[t]hat the [district] court here stayed, rather than dismissed, the action is of little moment in this regard, because the state court's decision will bind the parties under principles of res judicata."  Id.

## II.

The insurance coverage controversy presented by State Farm's Complaint for Declaratory Judgment is "part and parcel" of Jimenez's state court complaint for declaratory judgment and other relief.  State Farm has never suggested that it is in anyway foreclosed from pressing any defenses it may have to Jimenez's coverage

claim in state court.  Moreover, the coverage controversy between State Farm and Jimenez, arising out of a criminal act, gives rise to questions of state law and public policy alone.  This is to say resolution of the coverage controversy may turn not only on questions of contract construction, but also on questions of public policy, both informed by the same set of facts.  See, e.g., S.Z. Wolff v. General Cas. Co., 361 P.2d 330 (N.M. 1961).  Because, in addition to State Farm, those individual actors allegedly responsible for the shooting are named defendants in Jimenez's state court suit, that suit is more comprehensive than its present counterpart, and lends itself to a more efficient resolution of all claims and issues arising from a common core of relevant fact.

The circumstances of this case render misplaced State Farm's reliance on the Tenth Circuit's decision in State Farm Fire & Cas. Co. v. Mhoon, 31 F.3d 979 (10th Cir. 1994).  Mhoon held that the district court properly exercised its discretion to adjudicate an insurance coverage dispute in the context of a declaratory judgment action.  Unlike here:

> Neither party [in that case] suggested that State Farm was, or could have been made, a party to the state tort action, thus obviating any need for an independent declaratory action and providing a simpler and more efficient resolution of State Farm's obligations toward Mhoon.  Indeed, both concede[d] that a suit like this one would have been required at some point in some case other than the state tort action.

Id. at 984.  This Court's adjudication of State Farm's Complaint for Declaratory Judgment would serve no useful purpose because, unlike in Mhoon, "another suit is pending in a state court presenting the same issues, not governed by federal law,

between the same parties." Brillhart, 316 U.S. at 495; see Mhoon, 31 F.3d at 983 (instructing a district court to consider whether a declaratory action "would settle the controversy," "would serve a useful purpose," "would encroach upon state jurisdiction," or would impede "an alternative remedy which is better or more effective").  To be sure, State Farm selected this federal forum to adjudicate its coverage controversy with Jimenez.  But a party's choice of forum alone cannot trump "considerations of practicality and wise judicial administration," lest we countenance races to the courthouse and threaten impairment of federal-state relations. Wilton, 515 U.S. at 288.

Accordingly, Defendant Jimenez's motion (Doc. #6) to dismiss Plaintiff State Farm's Complaint for Declaratory Judgment is GRANTED.  State Farm's complaint shall be dismissed WITHOUT PREJUDICE pending adjudication of the coverage issue in New Mexico state court.  In the unlikely event the state court action fails, for any reason, to resolve the coverage controversy prior to the state court's entry of final judgment, Plaintiff may move, upon good cause shown, for leave to reinstate its complaint within thirty (30) days after entry of that judgment.  Given this Court's order of dismissal, Plaintiff need not file a reply in support of her motion to dismiss.

CASE CLOSED.

Entered for the Court
this 6th of March, 2012

Bobby R. Baldock
United States Circuit Judge
Sitting by Designation

6